49 CCPA

**Application of Charles E. HURLBURT.**
**Patent Appeal No. 6780.**

United States Court of Customs and Patent Appeals.
May 4, 1962.
Rehearing Denied June 15, 1962.

Herbert L. Davis, Teterboro, N. J. (Emory C. Naylor, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Judges.

RICH, Judge.

This appeal is from the rejection of claim 16 of appellant's application Ser. No. 536,915, filed September 27, 1955, for "Attitude Indicating Instrument." No claim is allowed.

The invention relates to an aircraft pitch and bank [1] indicating instrument which, in the totality of its mechanism, is of considerable mechanical complexity. The contribution to the art made by appellant, however, is a relatively simple improvement over the acknowledged prior art. We shall attempt briefly to relate these two matters.

A pitch and bank indicator is an instrument on the panel before an aircraft pilot in which he can see indicia which tell him at a glance whether he is climbing or diving and whether he is banking to right or left or flying level and shows any existing combination of these attitudes. In the instrument at bar what he sees when flying parallel to the earth's surface is a round glass window divided in the middle by a heavy horizontal line, which represents the horizon, above which is a blue area representing sky and below which is a black area representing the ground. These areas are ruled off horizontally in divisions. At either end of the horizon line are pointers which cooperate with marks around the frame of the window so that if the horizon tilts, as in a bank, the degree of bank is indicated. Fixed with relation to the window are horizontal marks representing the

---

1. Pitch is the nosing up or down of an aircraft about an axis transverse to the axis of the fuselage. Bank is lateral inclination of an aircraft, with reference to the craft's wings, e. g., to left bank would be to lower the left wing of the craft.

wings of the aircraft and the attitude of the aircraft is indicated by the relation of these marks to the movable indicia behind them, in the same manner as direction is indicated by a compass which has a movable member which is read against a fixed mark.[2]

Since the instrument and its casing, including the window, are fixed in the aircraft, the wing markings maintain a fixed relation to the aircraft. Behind the window and practically filling the area encompassed by it is one face of a rectangular box-like structure having rollers mounted at its four parallel edges. Around this structure and mounted for movement on the rollers is an endless tape. It is on this tape that the horizon, sky, and ground are indicated. When the plane climbs the tape moves in one direction and when it dives it moves in the opposite direction and, as viewed through the window, it appears to be moving up and down, since it is close behind the window and parallel to it. To indicate bank, the entire box-like element which carries the tape is mounted on a shaft which rotates on an axis which is parallel to the longitudinal axis of the aircraft. When that shaft rotates, the part of the tape visible through the window appears to the pilot to turn either clockwise (indicating left bank) or counterclockwise (indicating right bank). It will be understood that this apparent movement is relative. What is actually happening is that the tape is being held in a steady position by a gyroscope and the marks representing the wings of the plane are rotating in front of it as the aircraft banks.

Thus there are two apparent movements of the tape relative to the window, rotational movement, either counterclockwise or clockwise, and vertical movement as the tape runs around the rollers which support it, either up or down. These movements are under the control of a

"conventional vertical gyro, not shown, remotely mounted in the aircraft" coupled to the instrument through a "synchro system" and "a conventional synchro bank signal transmitter, now shown, associated with the vertical gyro." In short, this is a gyroscopically controlled instrument, the gyro being outside the instrument and coupled to it through synchro systems and servo motors.

As will appear, this general type of instrument was old when appellant made his invention. The specification acknowledges this fact. It states:

"Methods heretofore used have consisted of the use of horizon bars and moving spheres. The horizon bar has a disadvantage in being only a moving line, and requires a certain amount of pilot interpretation. The moving sphere is more adaptable for glance reading, because it consists of area motion, so that in a climb a light area indication is seen, while in a dive a darker area indicating earth or sea may be seen. *The sphere, however, has an inherent parallax problem* presenting to the pilot an apparent displacement of the visible indication through the window front of the instrument.

"It is a purpose of this invention *to eliminate this problem of parallax* by providing an attitude indicating instrument in which *the entire area motion is accomplished in a plane parallel to the front window of the instrument and in close proximity thereto.*" [Emphasis ours.]

The single claim on appeal reads (emphasis ours):

"16. In an aircraft pitch and bank attitude indicator instrument of a type including a housing *having a window* at one end thereof, *an endless tape movable vertically in close parallel relation to the rear of the*

---

2. These wing designations, while not disclosed in appellant's application, are present in a commercial embodiment of appellant's invention produced at the argu-

ment. Obviously some such reference is desirable, against which to read the movable indicia which the pilot sees through the window.

*window,* indicia on said tape visible through said window to indicate the pitch attitude of the aircraft, an angularly adjustable means for supporting the tape in said *close parallel relation to the window,* a dial plate carried by the housing and positioned about the window, and indicia on said dial to cooperate with means to indicate the bank attitude of the aircraft; the improvement comprising said adjustable supporting means including a yoke member, a shaft to rotatably support the yoke member in the housing on a longitudinal axis extending perpendicular to the window, the yoke member including a pair of parallel longitudinally disposed spaced plates, first and second rollers supported respectively between upper and lower forward corners of the plates, *the endless tape being movable* over the rollers as the rollers are driven and the first and second rollers supporting a portion of the tape *in said close parallel relation to the rear of the window;* first motor means mounted between said spaced plates and responsive to a remotely located pitch signal transmitting device to drive the rollers; a frame member about the aforesaid portion of the tape and fixed to ends of the spaced plates in close proximity to the window, said frame member having a yoke position indicator pointer cooperating with the indicia on the dial plate to indicate the bank attitude of the aircraft; and a second motor means mounted on said housing and responsive to a remotely located bank signal transmitting device to rotate the shaft and thereby the yoke member about said longitudinal axis so as to vary the position yoke indicator pointer relative to the indicia on the dial plate to indicate the bank attitude of the aircraft."

3. By comparing the position of such designations, which stand fixed on the window, with the position of the artificial

The rejection is based on the following references:

Crane et al.  2,053,182  Sept. 1, 1936
Kollsman  2,080,490  May 18, 1937
Kenyon  2,218,929  Oct. 22, 1940
Handel  2,492,992  Jan. 3, 1950

The specific rejection before us is unpatentability over Handel in view of either Crane et al. or Kenyon when further considered with Kollsman.

Handel discloses a pitch and bank indicating instrument generally similar to that disclosed by appellant having a rotatable shaft-yoke arrangement similar to that disclosed by appellant. Between the arms of the yoke, Handel disposes an air-driven gyroscope mounted on a rotor frame which, in turn, is mounted to the arms of the yoke by trunnions. Completely surrounding this gyro and located between the arms of the yoke there is disposed a globe or spherical member which, in function, corresponds to appellant's tape. On the forwardmost portion of the globe there are horizon, sky, and ground indicia similar to those in appellant's device. The Handel globe is made "responsive" to the gyro by means of planetary gear arrangements located at the points where each trunnion engages its respective supporting yoke arm, i. e., the visible face of the globe can appear to move up or down with respect to "wing designations" which Handel disposes on an arcuate window positioned immediately in front of the globe.[3] As in appellant's device, bank attitudes are indicated in the Handel device by the apparent relative rotational movement of the yoke assembly. Finally, Handel discloses an annular globe-encompassing dial plate and pointers attached to the yoke arms which cooperate with the dial plate indicia to indicate the angle of bank.

Crane et al. disclose a pitch, bank and turn indicator wherein an endless tape is disposed in close parallel relation to a

horizon on the sphere, slight pitch movements which would otherwise be difficult to detect become immediately apparent.

window. The Crane et al. tape indicates aircraft yaw movements rather than pitch or bank, the pitch and bank movements in the Crane et al. device being indicated by devices separate from the tape. The Crane et al. specification states that while the yaw or turn indicating means disclosed is in the form of a tape, *"it may be in the form of any type of movable screen, cylinder, disc, cone or sphere."* [Emphasis ours.]

Kollsman discloses a pitch, bank and "head" indicator incorporating therein a rotatable yoke assembly similar to that disclosed by Handel and appellant. Various species of the Kollsman device have their pitch, bank, and turn indicators controlled, for example, by a gyro mounted between the yoke arms, or by electrical repeater systems responsive to a remotely positioned vertical axis gyro. Kollsman also discloses that such electrical repeater systems can be replaced by motors responsive to the vertical axis gyro.

Kenyon's pertinent disclosure, in connection with aircraft attitude indicators, relates to pitch and turn indicating means consisting of vertically and horizontally moving belts having slat indicia thereon mounted on gear-driven rollers and placed in close proximity to a flat window. The rollers supporting the vertical belt are journaled in a pair of side plates which also enclose a gyro driving motor means responsive to a gyro outside of the instrument housing.

It appears to us that appellant's claimed device distinguishes over Handel only by reciting structures which the prior art shows one skilled in the art would regard as equivalents capable of being substituted for those structures disclosed in the Handel device. In particular, while it is true that Handel does not disclose a

"tape" movable vertically within his instrument, Crane et al. clearly disclose that tapes, spheres, cylinders, etc., can readily be substituted for each other in attitude indicating instruments.

The fact that problems of parallax[4] might be reduced by placing indicia on a tape running parallel to the window, rather than on a sphere necessarily spaced from it except at the center, was not a discovery of appellant. Also, we note that claim 16 does not distinguish the positioning of the instant tape from the positioning of similar endless tape elements disclosed by Crane et al. and Kenyon wherein the problem of parallax would inherently be minimal. In this regard we also note that appellant has not only made what we consider to be an obvious substitution of a tape attitude indicator for a spherical one, but has done so in a manner well known in the art. We see nothing unobvious in appellant's particularly recited "roller" and "plate" limitations; it appears, in fact, from the record before us that rollers similar to those recited in claim 16 are invariably associated with tapes or belts in attitude indicating instruments. In addition, the parallel arms of Handel's yoke and the planetary, rotatable gears that serve as a drive and supporting means for the Handel globe are, in Handel's device, the functional equivalents of the claimed "rollers" and "plate". Also, the use of "plates" as means for supporting tape driving and supporting means is clearly shown to be old by Kenyon.

While Handel does not disclose "motor means" for controlling indicator movements of the nature recited in this claim, Kollsman clearly discloses that indicator control means similar to that disclosed by Handel and that set forth in this claim, may be used where desired. Under such

4. "Parallax" as used here refers particularly to the apparent displacement of indicia on one surface with respect to indicia on another surface when these indicia are viewed from different observation points. If two pencils, for example, are placed one behind the other in an upright position and alined when viewed only with the left eye, parallax would make it appear to the viewer when he closes his left eye and opens his right eye that the rear pencil has moved to the right with respect to the front pencil. If the two pencils are moved closer to each other, this apparent relative displacement is decreased.

circumstances, we find the obviousness of this particular aspect of appellant's invention manifest.

Finally, we see nothing unobvious in appellant's use of a "frame member * * fixed to ends of the spaced plates" as a support for the recited bank "indicator pointer." Handel clearly shows a means for supporting bank indicator pointers which means is fixed to his yoke arms. We see nothing in the claim on appeal which distinguishes the recited "frame" in an unobvious manner from the indicator pointer support disclosed by Handel.

The decision of the Board of Appeals is affirmed.

Affirmed

MARTIN, Judge, sat but did not participate because of illness.